# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CRIMINAL ACTION 09-00242-KD-C |
| ) | |
| DHS, INC., d/b/a ROTO ROOTER, ) | |
| DONALD GREGORY SMITH, and ) | |
| WILLIAM L. WILMOTH, SR., ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

This matter is before the Court on Defendant Donald Gregory Smith's "Motion for New Trial" (Doc. 135) and the Government's Response (Doc. 143). Upon consideration, Defendant Smith's motion for new trial is **DENIED.**

## I. Background

The jury trial of this matter was held from August 3-11, 2010 before the undersigned United States District Judge. On August 11, 2010, having heard the evidence, the arguments of counsel and the instructions of the Court, and having considered the same upon their oaths, the jury returned three (3) separate Verdicts (one for each of the Defendants). Specifically as to Defendant Smith, the jury returned the following verdict:

    -not guilty as to Count 1 (for Conspiracy in violation of Title 18, United States Code, Section 371);

    -not guilty as to Counts 2-7 (for Mail Fraud in violation of Title 18, United States Code, Sections 1341);

    -not guilty as to the felony Counts 8-35 (for Knowing Violations of the Clean Water Act, in violation of Title 33, United States Code, Section 1319(c)(2)(A) (as charged));

1

-guilty for Negligent Violations of the Clean Water Act in violation of Title 33, United States Code, Section 1319(c)(1)(A), relating to Counts 8-35; and

-not guilty as to Counts 36-40 (for Knowing and Negligent Violations of the Clean Water Act, in violation of Title 33, United States Code, Section 1319(c)(2)(A) (as charged) and Section 1319(c)(1)(A) (relating thereto)).

(Doc. 141).

On August 25, 2010, Defendant Smith filed a timely[1] motion for new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. 135). Defendant Smith asserts that it is entitled to a new trial because: the Court "refused to give the gross negligence instruction and proposed a jury instruction on simple negligence[]" and "the Court should have instructed the jury on the Model Penal Code definition of criminal negligence, as [Defendant Smith] requested." (Doc. 135 at 1-3). In brief, Defendant Smith contends that the instruction under which the jury found him guilty of negligent violations of the Clean Water Act improperly established simple negligence to be the standard of liability, not gross negligence as he requested.

## II. Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure empowers a district court to vacate a judgment and grant a new trial if the interest of justice requires. FED.R.CRIM.P. 33(b). There are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence; and "the other based on any other reason, typically the interest of justice[.]" United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

---

1 Pursuant to Rule 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered

After a review of the pleadings, the Court finds that the arguments provide no meritorious basis for the Court to grant a new trial. Accordingly, for the for the reasons stated on the record during trial, in addition to those reasons set forth in the Government's brief in Response (Doc. 143), the Defendant's motion for new trial (Doc. 135) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **October 2010.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

evidence must be filed within 14 days after the verdict or finding of guilty."